UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| JOAN GINES,            )<br>                             )<br>     Plaintiff,           )<br>                             )<br>v.                          )<br>                             )<br>ALBERTSON'S, INC.          )<br>and ALBERTSON'S VOLUNTARY  )<br>SEPARATION PLAN,           )<br>                             )<br>     Defendants.          ) | CASE NO. CIV 04-575-S-LMB<br><br>**ORDER** |

Currently pending before the Court are Plaintiff's Motion to Compel Discovery (Docket No. 24) and Defendants' Motion to Allow Late Filing of Response to Plaintiff's Motion to Compel (Docket No. 26). Plaintiff filed the instant Motion to Compel on August 8, 2005. On September 19, 2005, the Court granted the Motion based on Defendants' failure to respond. (Docket No. 28). That same day, however, Defendants filed a Response to Plaintiff's Motion (Docket No. 27), and a Motion to Allow Late Filing of Response (Docket No. 26). Thereafter, the Court withdrew its September 19, 2005 Order and stated that it will consider Defendants' September 19, 2005 filings. (Docket No. 29). Having now carefully reviewed the September 19, 2005 filings and the entire record, and otherwise being fully advised, the Court enters the following Order.

Order - 1

## DISCUSSION

Defendants have acknowledged that they failed to timely answer or object to Plaintiff's First Set of Interrogatories and Production Requests, and they do not oppose the Court entering an order granting the motion to compel and awarding attorneys' fees to Plaintiff. *Response*, p. 2 (Docket No. 27). Defendants also agree that they have waived their right to object to Plaintiff's first set of discovery requests, with the exception of objections based on attorney-client privilege. *Id. See also* Federal Rule of Civil Procedure 33(b)(4).[1] Defendants do request, however, that they be allowed to assert the attorney-client privilege as an objection.[2] Although there is authority existing which provides that the attorney-client privilege is waived by a failure to respond,[3] the Court finds that good cause exists here to excuse the failure based on the illness and subsequent death of the lead attorney's sister.[4] *See Anderson Aff.* (Docket No. 26, Att. 1). Accordingly, the Court will grant Plaintiff's Motion to Compel Discovery and allow Defendants to assert the attorney/client privilege as an objection in responding to Plaintiff's First Set of Interrogatories and Production Requests. All other objections are waived.

---

[1] Rule 33(b)(4) provides: "All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived *unless the party's failure to object is excused by the court for good cause shown*." (Emphasis added).

[2] The Court notes that Plaintiff has not filed a reply brief objecting to Defendants' request. *See* D. Id. L. Civ. R. 7.1(b)(3) (allowing for reply briefs).

[3] *See, e.g., Cardenas v. Dorel Juvenile Group, Inc.*, ___ F.R.D. ___, 2005 WL 3071462 *2 (D. Kan. Oct. 21, 2005) (stating that Federal Rule of Civil Procedure 33(b)(4)'s waiver rule applies to claims of attorney-client privilege).

[4] *See Madden v. Texas*, 498 U.S. 1301, 1304 (1991) (Scalia, J.) (explaining that the death of counsel's father would in some circumstances qualify as "good cause shown" for an extension of time); *Carlson v. Freightliner LLC*, 226 F.R.D. 343, 363 (D. Neb. 2004) (weighing the severity of waiving the privilege afforded attorney-client communications against the conduct of the defendant in failing to promptly raise the privilege, and then concluding that the privilege was not waived); *Lee v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 657 (D.Md. 1997) (waiving all objections, except those based on privilege, for a failure to timely respond to discovery requests).

Additionally, the Court awards Plaintiff $300.00 to offset the expenses incurred in bringing the Motion to Compel.  The payment of reasonable expenses, including attorneys fees, is required under Federal Rule of Civil Procedure 37(d) "unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."  The Court has already determined that good cause—based on the lead attorney's unfortunate family situation—exists here to excuse Defendants' failure to respond.  For this reason, although Defendants have not objected to an award of fees, the Court is limiting the award to a set sum based on its finding that Defendants' failure to respond was substantially justified.  *See, e.g., Hyde & Drath v. Baker*, 24 F.3d 1162, 1172 (9th Cir. 1994) (explaining that the serious illness of an attorney qualified as substantial justification for his failure to appear at a deposition).  The sum of $300.00 reflects the Court's calculation of a fair amount of fees given the routine nature of the Motion to Compel and the brevity of its supporting papers, and takes into account the Court's concern that a higher award would be unjust under the present circumstances.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED:

1. Defendants' Motion to Allow Late Filing of Response to Plaintiff's Motion to Compel Discovery (Docket No. 26) is GRANTED.  The Court has considered Defendants' Response to Plaintiff's Motion to Compel.

2. Plaintiff's Motion to Compel Discovery (Docket No. 24) is GRANTED.  Defendants shall fully respond to Plaintiff's discovery requests within ten (10) days of the date of this Order if they have not already done so.  Defendants shall not object to Plaintiff's First Set of Interrogatories and Production Requests on any basis except attorney-client privilege.

3.	Plaintiff is awarded $300.00 for expenses reasonably incurred in bringing her Motion to Compel Discovery (Docket No. 26).

DATED:  **December 7, 2005**.

*/s/ Larry M. Boyle*
Honorable Larry M. Boyle
Chief U. S. Magistrate Judge